Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed to assert a" vendor’s lien under peculiar circumstances. There is however but a single point, which it is necessary to notice.
After a large portion of the purchase money had been paid, Carnes, the vendor, made an arrangement with Hubbard, his vendee, by which he accepted certain articles of property, and the transfer of a judgment which Hubbard had against a man named Thompson, as payment of the balance, and gave him an instrument which is equivalent to a receipt. The judgment against Thompson proved to be worthless, and Carnes filed this bill against Hubbard and two sub-vendees, to subject the land to the payment of the same balance. The bill does not charge the sub-vendees with notice, or that the purchase money from them is unpaid, though it is admitted that it is unpaid.
Evidence has been taken to explain away the receipt of, Carnes, and to show that it was conditional, and to show moreover that Hubbard practised a fraud upon the complainant, by misrepresenting the situation of Thompson. We think, however, that the testimony establishes the fact, that Carnes took the judgment as an absolute and unconditional payment. He consulted others as to the situation of Thompson, acted upon his own conclusions, took the judgment, gave the receipt, and consequently abandoned his lien. He now seeks to be restored to it. Upon a bill to set aside the settlement upon the ground of fraud, alleging notice of the lien on the part of the sub-vendees, and charging that they have not paid their debt to Hubbard, the complainant might perhaps be entitled to relief, if he cottld make out his case by proof.
But this bill is not framed to put the alleged fraud in issue, nor does it seek to set aside the settlement for that cause; but *114 simply to enforce the vendor’s lien, notwithstanding the arrangement made with Hubbard. In this attitude of the cause we do not think that the complainant is entitled to the redress he seeks, and we therefore direct the decree of the court below, dismissing, the bill, to be affirmed. But we direct this to be done without prejudice to any future bill he may file, if he chooses so to do, to set aside the arrangement with Hubbard, on the ground of the fraud. On all the other points in the cause, we wish to be understood as giving no opinion, and as intimating none on the fact of the alleged fraud.

Decree affirmed.